Freeman, J.,
delivered the opinion of the Court.
This case was commenced before a Justice of the Peace for Hawkins County, by original attachment. The attachment was levied on the land of plaintiff in error; judgment rendered against him by the Justice for the sum of one hundred dollars and costs; the papers were transmitted to the Circuit Court, and there an order of condemnation was made, and the land directed to be sold.
From this judgment of condemnation and order of sale the defendant below prosecutes his writ of error to this Court.
The affidavit on which the attachment was issued is as follows: “Jehiel Fugate makes oath that William *22 Sullivan is indebted to him to the amount of one hundred dollars, and that the said Sullivan so absconds and conceals himself, that the ordinary process of law cannot be served upon him.”
This affidavit is essentially defective, and the proceedings under it are simply void.
Section 3469 of the Code provides that: “In order to obtain an attachment, the plaintiff, his agent or attorney, shall make oath in writing, stating the nature and amount of his debt or demand, and that his is a just claim;” and also, that one or more of the causes enumerated in section 3455 exist.
There is no statement of the nature of the debt claimed. It is true it is called a debt, but the words of the Code are “the nature of the debt or demand must be stated, as that it is due by note, account, for breach of contract, or the like;” nor is it stated that the debt is just.
These facts are required to be stated and sworn to, before the party can rightfully obtain a writ of attachment; the issuance of it, without this, makes it a process issued without any authority of law, and void.
It is insisted that this is an effort to attack the judgment of the Justice of the Peace collaterally, which cannot be done under case of Turner v. Ireland, 11 Hum., 447. We admit the correctness of the decision above quoted, but that was a very different case from this.' In that case the judgment was sought to be attacked by extraneous evidence, and the motion to condemn the land, resisted on grounds sought to be shown by such evidence. In this case, the judgment under *23 which the condemnation and order of sale of the land is sought, appears on the face of the proceedings, which are required to be made part of the record of the Circuit Court, to be absolutely void. No condemnation or order of sale could properly be made under these proceedings.
The judgment of the Circuit Court is reversed, the ease dismissed, and the defendants in error will pay the costs of this Court and the Court below.